1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW MELLO, individually and as         No.  2:14-cv-02618-KJM-KJN
     Successor-in-Interest to AIRABELLA
12   MELLO, deceased,

13                  Plaintiff,                   ORDER

14          v.

15   COUNTY OF SACRAMENTO; COUNTY
     OF SACRAMENTO, DEPARTMENT OF
16   HEALTH AND HUMAN SERVICES;
     COUNTY OF SACRAMENTO, CHILD
17   PROTECTIVE SERVICES; and DOES 1
     through 100 inclusive,
18
                    Defendants.
19

20

21          Airabella Mello, plaintiff Matthew Mello's daughter, was visiting her mother and

22   grandmother when she drowned in an unguarded swimming pool.  Mr. Mello alleges defendants

23   County of Sacramento, the Department of Health and Human Services, and Child Protective

24   Services are liable for her death because despite notice, they did not investigate her mother and

25   grandmother's alleged abuse and improper supervision, and dangerous conditions at their home.

26   His complaint alleges several claims under both federal and state law.  Defendants move to

27   dismiss for failure to state a claim upon which relief can be granted.  The parties presented their

28   arguments at a hearing on February 27, 2015.  John C. Miller appeared for Mr. Mello, and Taylor

                                                1

1    W. Rhoan appeared for defendants.  After considering the parties' briefs and arguments at the

2    hearing, the court GRANTS the motion with leave to amend.

3    I.        BACKGROUND

4              The complaint includes the following allegations: Airabella was visiting her

5    mother and grandmother's home in Sacramento on May 1, 2014.  Compl. ¶ 18, ECF No. 1.  The

6    complaint indicates she fell in the pool and drowned during that visit.  *See id.* ¶¶ 18–19.

7    Defendants' officers had visited the home several times in the past to investigate claims of abuse,

8    of dangerous conditions including the swimming pool, and of a lack of supervision and care for

9    Airabella.  *Id.*

10             The complaint makes no further specific factual allegations.  It does include many

11   paragraphs alleging defendants' failures in general terms.  An example illustrates its general style:

12             Plaintiff is informed and believes, and thereon alleges that
13             defendants have been engaging in far-reaching and improper
             procedures, policies and practices as it relates to the investigation of
14             allegations of abuse of children, allegations of the failure to
             properly supervise and care for children and allegations to properly
15             address the existence of dangerous conditions at locations at which
             minors reside, within their jurisdiction.  Plaintiff is further informed
16             and believes that such improper and/or lack of procedures, policies,
             customs, and practices has led to injuries and/or death[s] of
17             numerous children in an unwritten policy, practice, procedure and
             custom of defendants.  These procedures, policies, customs, and
18             practices have been ratified by each of the defendants.

19   *Id.* ¶ 19.  Mello seeks relief on three legal bases: California Civil Code section 52.1(b), otherwise

20   known as the Bane Act; 42 U.S.C. § 1983 for deprivation of Fourteenth Amendment rights; and

21   common law negligence.

22             Defendants advance five defenses: (1) the complaint inadequately pleads any

23   underlying constitutional violation; (2) the complaint does not allege facts to show an official

24   policy or custom as required by *Monell v. New York Department of Social Services*, 436 U.S. 658,

25   694 (1978); (3) the complaint omits any allegations of threats, intimidation, or coercion as

26   required by the Bane Act; (4) the complaint describes no facts to show defendants breached a

27   /////

28   /////

2

1  duty; and (5) the Department of Health and Human Services and Child Protective Services are

2  duplicatively named.

3         In his opposition, Mello passes over the fifth argument, that municipal departments

4  are not "persons" subject to liability under section 1983. *See United States v. Kama*, 394 F.3d

5  1236, 1239–40 (9th Cir. 2005); *see also Smith-Berch, Inc. v. Baltimore Cnty., Md.*, 68 F. Supp. 2d

6  602, 626 (D. Md. 1999) (collecting cases to this effect). At hearing, counsel confirmed these

7  defendants may be dismissed. Defendants' motion is granted with prejudice as to the Department

8  of Health and Human Services and Child Protective Services.

9         After reviewing the legal standard applicable to this motion, the court addresses

10  each claim in turn.

11  II.    <u>LEGAL STANDARD</u>

12         A party may move to dismiss for "failure to state a claim upon which relief can be

13  granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a

14  "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.

15  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court

16  assumes these factual allegations are true and draws reasonable inferences from them. *Ashcroft v.*

17  *Iqbal*, 556 U.S. 662, 678 (2009).

18         A complaint need contain only a "short and plain statement of the claim showing

19  that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations,"

20  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than

21  unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*,

22  556 U.S. at 678. In the same vein, conclusory or formulaic recitations of a cause's elements do

23  not alone suffice. *Id.* Evaluation under Rule 12(b)(6) is a context-specific task drawing on

24  "judicial experience and common sense." *Id.* at 679. And aside from the complaint, district

25  courts have discretion to examine documents incorporated by reference, *Davis v. HSBC Bank*

26  *Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012); affirmative defenses based on the complaint's

27  allegations, *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); and proper subjects of

28  judicial notice, *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 976 (9th Cir. 2012).

1    III.    DISCUSSION

2          A.    Section 1983

3                Municipalities may be held liable as "persons" under 42 U.S.C. § 1983, but not for

4    the unconstitutional acts of their employees based solely on a *respondeat superior* theory.

5    *Monell*, 436 U.S. at 691.  Rather, a plaintiff seeking to impose liability on a municipality under

6    § 1983 is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."

7    *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  To sufficiently plead a *Monell* claim

8    and withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint "may not simply

9    recite the elements of a cause of action, but must contain sufficient allegations of underlying facts

10   to give fair notice and to enable the opposing party to defend itself effectively."  *AE ex rel.*

11   *Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d

12   1202, 1216 (9th Cir. 2011)).  A *Monell* claim may be stated under three theories of municipal

13   liability: (1) when official policies or established customs inflict a constitutional injury; (2) when

14   omissions or failures to act amount to a local government policy of deliberate indifference to

15   constitutional rights; or (3) when a local government official with final policy-making authority

16   ratifies a subordinate's unconstitutional conduct.  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d

17   1232, 1249–50 (9th Cir. 2010).  Here, Mello argues all three theories apply.

18                A plaintiff may establish municipal liability by demonstrating "the constitutional

19   tort was the result of a 'longstanding practice or custom which constitutes the standard operating

20   procedure of the local government entity.'"  *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)

21   (quoting *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 984–85 (9th Cir. 2002)).  To establish

22   liability for governmental entities under this theory, a plaintiff must show (1) that the plaintiff

23   "possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had

24   a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional

25   right; and, (4) that the policy is the moving force behind the constitutional violation."  *Plumeau v.*

26   *Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks

27   and citation omitted).

28   /////

4

1    A municipality's failure to train its employees may amount to a policy of

2  deliberate indifference.  *See Price*, 513 F.3d at 973.  To state a claim for failure to train, a plaintiff

3  must show (1) "the existing training program" is inadequate "in relation to the tasks the particular

4  [employees] must perform"; (2) the officials have been deliberately indifferent "to the rights of

5  persons with whom [employees] come into contact"; and (3) the inadequacy of the training

6  "actually caused the deprivation of the alleged constitutional right."  *Merritt v. Cnty. of L.A.*,

7  875 F.2d 765, 770 (9th Cir. 1989) (internal citations and quotation marks omitted); *see also*

8  *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).

9    Finally, a plaintiff may claim *Monell* liability where an "official with final policy-

10  making authority ratifie[s] a subordinate's unconstitutional decision or action and the basis for it."

11  *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).  A policymaker's "knowledge of an

12  unconstitutional act does not, by itself, constitute ratification."  *Christie v. Iopa*, 176 F.3d 1231,

13  1239 (9th Cir. 1999).  "[A] policymaker's mere refusal to overrule a subordinate's completed act

14  does not constitute approval."  *Id.*  Rather, ratification requires the authorized policymaker to

15  make a "conscious, affirmative choice." *Gillette*, 979 F.2d at 1347.  Ratification "and thus the

16  existence of a de facto policy or custom, can be shown by a municipality's post-event conduct,

17  including its conduct in an investigation of the incident."  *Dorger v. City of Napa*, No. 12–440,

18  2012 WL 3791447, at *5 (N.D. Cal. Aug. 31, 2012); *see also Henry v. Cnty. of Shasta*, 132 F.3d

19  512, 518 (9th Cir. 1997), *amended on denial of reh'g*, 137 F.3d 1372 (9th Cir. 1998).

20    Here, the complaint does no more than recite one or another signal phrases, *see,*

21  *e.g.*, Compl. ¶ 48 ("this violation . . . was part of a policy, custom and practice"), and claim

22  simply that the County's inaction "has led to injuries and/or death[s] of numerous children," *id.*

23  ¶ 18.  But a complaint must include "sufficient factual matter" to make the claim at least

24  plausible.  *Iqbal*, 556 U.S. at 678.  It cannot suffice to allege only, for example, that "Defendants

25  failed to properly train [their] employees," "failed to properly supervise and discipline [their]

26  subordinates," and "fail[ed] to provide adequate training reflect[ing] a deliberate and conscious

27  choice."  Compl. ¶ 48.  These are no more than recitations of the elements of a cause of action

28  /////

5

1   and give no notice of Mello's theory of liability in this case.  The motion is granted with leave to

2   amend as to this claim.

3          B.      Bane Act

4                  The Bane Act prohibits any person from interfering by "threats, intimidation or

5   coercion . . . with the exercise or enjoyment by any individual . . . of rights secured by the

6   Constitution . . . ."  Cal. Civ. Code § 52.1(a).  Following a recent California Court of Appeal

7   decision, *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947 (2012), federal district courts

8   have reached different results in trying to answer the question whether a plaintiff bringing a Bane

9   Act claim ultimately must introduce independent evidence showing threats, intimidation, or

10  coercion, in addition to showing a constitutional violation.  *See Davis v. City of San Jose*,

11  ___ F. Supp. 3d ___, 2014 WL 4772668, *6 (N.D. Cal. Sept. 24, 2014) (collecting cases).  One

12  group of decisions has concluded intentional conduct or excessive force claims suffice alone.  *Id.*

13  The other has held "something more than an inherently coercive violation is required to state a

14  claim under the Bane Act."  *Id.*  At least in the Fourth Amendment context, this court to date has

15  sided with the first camp.  *See Johnson v. Shasta Cnty.*, No. 14-01338, 2015 WL 75245, at *13

16  (E.D. Cal. Jan. 6, 2015) ("'Where Fourth Amendment unreasonable seizure or excessive force

17  claims are raised and intentional conduct is at issue, there is no need for a plaintiff to allege a

18  showing of coercion independent from the coercion inherent in the seizure or use of force.'"

19  (quoting *Dillman v. Tuolumne Cnty.*, No. 13-00404, 2013 WL 1907379, at *21 (E.D. Cal.

20  May 7, 2013)).

21                 However the intracircuit split may be resolved, the complaint here includes no

22  allegations of expressly or inherently coercive actions.  It does not describe how anyone was

23  coerced to do anything.  The complaint's theory in fact appears to be at odds with any allegation

24  of coercion: it claims defendants' inaction, bad policy, and poor training led to tragic oversights

25  by its agents.  The motion is granted with leave to amend as to this claim, if amendment

26  consonant with Rule 11 is possible.

27

28

1    C.    Negligence

2         "It is well-settled that there is no common law tort liability for public entities in

3    California; instead, such liability must be based on statute." *Cardinal v. Buchnoff*, No. 06-0072,

4    2010 WL 3609489, at *2 (S.D. Cal. Sept. 14, 2010) (citing *Miklosy v. Regents of Univ. of Cal.*,

5    44 Cal. 4th 876, 899 (2008)).  Nevertheless, statutory law makes a public entity vicariously liable

6    for the injuries an employee causes within the scope of his or her employment unless the

7    employee is immune from liability.  Cal. Gov't Code §§ 815, 815.2.  "The elements of a cause of

8    action for negligence are well established.  They are (a) a legal duty to use due care; (b) a breach

9    of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury."

10   *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917 (1996) (internal quotation marks, citations, and

11   alterations omitted).

12        Here, the complaint alleges that "defendants had been to the Subject Property on

13   numerous occasions to investigate claims of abuse of the Decedent, to investigate defective and

14   dangerous conditions present at the Subject Property, including without limitation an unguarded

15   swimming pool, and to investigate the failure to properly supervise and care for the Decedent by

16   occupants of the Subject Property, including Decedent's mother and grandmother."  Compl.

17   ¶¶ 51, 58.  These allegations alone cannot survive a motion to dismiss.  They tell at most a

18   patchwork story of vicarious liability, omitting even a specific allegation of the date Airabella

19   died.  This claim is dismissed, with leave to amend.

20   IV.   CONCLUSION

21        The motion to dismiss, ECF No. 7, is GRANTED WITH PREJUDICE as to the

22   Department of Health and Human Services and Child Protective Services.  In all other respects,

23   the motion is GRANTED WITH LEAVE TO AMEND.  The plaintiff may file an amended

24   complaint within 21 days.

25        IT IS SO ORDERED.

26    DATED:  March 10, 2015.

27

28   _____
     UNITED STATES DISTRICT JUDGE

7