John C. Miller, Jr., SBN 143323
**ASHTON & PRICE**
8243 Greenback Lane
Fair Oaks, CA 95628
TEL: (916) 786-7787
FAX: (916) 786-7625

Attorney for Plaintiff MATTHEW MELLO

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
Taylor W. Rhoan, SBN 294941
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant COUNTY OF SACRAMENTO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MELLO, individually and as Successor-in-Interest to AIRABELLA MELLO, Deceased | CASE NO.: 2:14-cv-2618-KJM-KJN |
| | **DISCOVERY PROTECTIVE ORDER** |
| Plaintiff, | Complaint Filed: 08/12/13 |
| vs. | FAC Filed: 10/14/13 |
| COUNTY OF SACRAMENTO, | |
| Defendant. | |

**IT IS HEREBY ORDERED:**

    1.    Subject to and without waiving any objections to the admissibility or discoverability of any information or documents produced in connection with this Order, the Court orders that access to and use of such documents and information shall be governed by the provisions of this Discovery Protective Order pursuant to Welfare and Institutions Code § 827. This Discovery Protective Order shall apply to all copies, extracts, and summaries of designated documents.

{01418335.DOC}                                                           1
**DISCOVERY PROTECTIVE ORDER**

2. Wherein Plaintiff MATTHEW MELLO, individually and as Successor-in-Interest to AIRABELLA MELLO, Deceased, has filed suit against Defendant COUNTY OF SACRAMENTO in the matter of <u>Matthew Mello v. County of Sacramento</u>, Case No. 2:14-cv-02618-KJM-KJN (USDC EDCA).

3. Defendant COUNTY OF SACRAMENTO and Plaintiff MATTHEW MELLO in good faith believe that the following documents will be the subject of discovery in the above-reference matter and contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, (c) not normally revealed to the public or third parties pursuant to Welfare and Institutions Code § 827.

## I.

## **DESIGNATION OF CONFIDENTIAL DOCUMENTS**

4. In connection with discovery proceedings in the above-referenced matter, a Welfare and Institutions Code §827 Petition for Request for Disclosure of Juvenile Case File of AIRABELLA MELLO (DOB 11/19/10), Case No. SP01269, was filed by counsel for Defendant in the Superior Court of Sacramento County – Juvenile Division. The Court, upon review of the Petition and after conducting an in camera review of the petitioned records, ordered they be disclosed to Defendant COUNTY OF SACRAMENTO on November 17, 2014. The documents described herein shall be designated as "Confidential". The documents protected pursuant to this Order have not been made public and the disclosure of said documents would have the effect of causing harm. Defendant COUNTY OF SACRAMENTO is unable to provide a copy of said documents to Plaintiff MATTHEW MELLO until they have obtained a similar Order from the Sacramento County Superior Court - Juvenile Division, pursuant to California Rules of Court, Rule 5.552(b)(3). In the event that such an Order is sought and obtained, the following Protective Order shall govern said documents. The scope of this Order is limited to the following confidential juvenile records of AIRABELLA MELLO pursuant to Welfare and Institutions Code §827:

      a. Sacramento County Child Protective Services records of AIRABELLA MELLO (Bates stamped JUV_0001-0215.)

//

## II.

## **RESTRICTIONS OF CONFIDENTIAL DOCUMENTS**

5.  The disclosed documents shall be used solely in connection with the civil case of <u>Matthew Mello v. County of Sacramento</u>, Case No.: 2:14-cv-02618-KJM-KJN (USDC EDCA), and in the preparation and trial of the case, or any related proceeding.  The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.  Any documents submitted in any related litigation that were under seal remain under seal in this action.

6.  A party producing the documents and materials described herein shall designate those materials as confidential by affixing a watermark labeling them "Confidential". If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked in the same manner.

7.  Upon the grant of an Order from the Sacramento County Superior Court - Juvenile Division, to Plaintiff, pursuant to California Rules of Court, Rule 5.552(b)(3) the Documents or materials designated under this Discovery Protective Order as "Confidential" may only be disclosed to the following persons:

(a)  John C. Miller, Jr., as counsel for Plaintiff MATTHEW MELLO and Terence J. Cassidy as counsel for Defendant COUNTY OF SACRAMENTO, and associate attorneys in the offices of each, in the case enumerated above.

(b)  Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subpart (a) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

(c)  Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

(d)  Any expert, consultant or investigator retained in connection with this action;

(e)  The finder of fact at the time of trial, subject to the court's ruling on *in limine* motions and objections of counsel;

(f)  Witnesses during their depositions in this action; and

(g)     The parties to the case, including current employees of a party responsible for assisting counsel in the litigation and who have a reasonable need to know the contents of the Confidential documents.

## III.

## **GENERAL**

8.     Other than the parties' attorneys and any paralegal, clerical and secretarial personnel regularly employed by them, any person to whom Confidential documents or their information are to be disclosed shall be provided and required to read a copy of this Discovery Protective Order before disclosure of such information to that person.  Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in <u>Matthew Mello v. County of Sacramento</u>, Case No.: 2:14-cv-02618-KJM-KJN (USDC EDCA) and shall abide by its terms. I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

Such person also must consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Discovery Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. The attorneys designated in subparts (a) and (b) of Paragraph 3 above shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given. Defendant may request the identities of said individual(s) upon the final termination of the litigation or if it is able to demonstrate a good faith basis that any of the other parties to this action, or agents thereof, have breached the terms of the Discovery Protective Order.

9.     As to all documents or materials designated as "Confidential" pursuant to this Discovery Protective Order, the parties agree that they will seek permission from the Court to file the Confidential information under seal according to Local Rule 141. If permission is granted, the Confidential material will be filed and served in accordance with Local Rule 141.

10. The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

11. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the other party and notice all individuals to whom the documents pertain. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Discovery Protective Order.

12. Confidential documents disclosed at a deposition shall be designated as Confidential by so indicating on the record at the deposition. Copies of Confidential documents attached to deposition exhibits shall maintain their confidential status as set forth in this Discovery Protective Order and be sealed. If any document or information designated as confidential pursuant to this Discovery Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation. The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with this Discovery Protective Order. Only individuals who are authorized by this Discovery Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

13. Notwithstanding the provisions of Paragraph 3, confidential information produced pursuant to this Discovery Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

14. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Discovery Protective Order, the disclosing person(s) shall promptly (a) inform all parties of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Discovery Protective Order. No information shall lose its confidential

status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Discovery Protective Order.

15. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing confidential information will remain confidential, and if filed with the Court under seal shall remain under seal. All documents and materials produced pursuant to this Discovery Protective Order shall be destroyed. All parties agree to ensure that all persons to whom confidential documents or materials were disclosed shall be destroyed. "Conclusion" of this litigation means a final termination of the case following a trial or settlement and resolution of any appeal.

16. No later than 30 days after the conclusion of this litigation, all persons having received the confidential documents shall be advised to destroy said documents by the party who produced them.

17. This Discovery Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Discovery Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Discovery Protective Order by Court order for good cause shown or by the stipulation of the parties.

18. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Discovery Protective Order as it may from time to time deem appropriate upon good cause shown; and, (b) to adjudicate any dispute respecting the improper use or disclosure of confidential material.

//

//

//

//

//

//

**IT IS SO STIPULATED.**

Dated: June 17, 2015                ASHTON & PRICE

                                    By      /s/ John C. Miller - as authorized on 6/12/15
                                            John C. Miller
                                            Attorney for Plaintiff
                                            MATTHEW MELLO


Dated: June 17, 2015                PORTER SCOTT
                                    A PROFESSIONAL CORPORATION

                                    By      /s/ Terence J. Cassidy
                                            Terence J. Cassidy
                                            Taylor W. Rhoan
                                            Attorneys for Defendant
                                            COUNTY OF SACRAMENTO

**IT IS SO ORDERED, except that: (a) documents submitted under seal in another case may not automatically be filed under seal in this case – a proper application pursuant to Local Rule 141 shall be made; (b) court personnel shall not be subject to the acknowledgement procedures outlined in paragraph 8, nor shall the court be required to return or destroy any copies of confidential documents filed or lodged with it in this case; (c) pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this protective order after the action is terminated; and (d) nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.**

Dated: June 17, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE